Hughes, J. P.
(dissenting). The majority’s decision represents an ill-advised extension of the holding in Hudson View Props, v Weiss (86 AD2d 803) not warranted either by precedent, public policy, or sound logic. It is conceded that this appeal does not present an instance of unlawful discriminatory practices in the leasing of housing accommodations arising under section 296 (subd 5, par [a]) of the Executive Law. There is as yet no statutory prohibition against discrimination on the ground of sexual preference (assuming arguendo that this landlord is so motivated), and it is for the Legislature, not us, to establish additional categories of protection. “Absent a supervening statutory proscription, a landlord is free to do what he wishes with his property, and to rent or not to rent to any given person at his whim. The only restraints which the law has imposed upon free exercise of his discretion is that he may not use race, creed, color, national origin, sex, [disability], or marital status as criteria.” (Kramarsky v Stahl Mgt., 92 Misc 2d 1030, 1032.)
There being no proven violation of the Human Rights Law (Executive Law, art 15, § 290 et seq.) there is no cause for this court to reach out and strip from the landlord his hitherto unquestioned right to contractually limit occupancy to chosen individuals and their immediate families. To do so is to read out of almost every residential lease a clause which is not unconscionable per se and which has been traditionally construed as a valid expression of a landlord’s interest in passing upon those who are to occupy his property. By today’s decision, a landlord seemingly surrenders to the tenant any semblance of control upon his execution of the lease — a result which unduly tilts the delicate balance of landlord-tenant relationships.
*198 Riccobono and Asch, JJ., concur in Per Curiam opinion; Hughes, J. P., dissents in a separate memorandum.